Angel Carrazco, Jr.        (SBN 230845)
Kent M. Henderson      (SBN 139530)
Christopher L. Holm      (SBN 308446)
**CARRAZCO LAW, A.P.C.**
18301 Irvine Boulevard
Tustin, CA 92780
Telephone: 714-541-8600
Facsimile: 714-541-8601
Email: angel@carrazcolawapc.com
      hendolaw@gmail.com
      chris@carrazcolawapc.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

**PLAINTIFFS' COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

| | |
|---|---|
| 1 | WILLIAM OMAR CASTILLO MIRANDA, an individual and as Successor in Interest for Decedent, WILLIAM RENE SALGADO MIRANDA; JUANA MARIA MIRANDA, an individual and as Successor in Interest for Decedent, WILLIAM RENE SALGADO MIRANDA; OSMAR ANTONIO CASTILLO BLANDON, a minor by and through Guardian ad Litem, EUGENIA GUADELUPE ESPINOZA SALMERON; EUGENIA GUADELUPE ESPINOZA SALMERON, an individual; KARLA VANESSA BLANDON, an individual;, |

1    WILLIAM OMAR CASTILLO
2    MIRANDA, an individual and as
3    Successor in Interest for Decedent,
     WILLIAM RENE SALGADO
4    MIRANDA; JUANA MARIA
5    MIRANDA, an individual and as
     Successor in Interest for Decedent,
6    WILLIAM RENE SALGADO
     MIRANDA; OSMAR ANTONIO
7    CASTILLO BLANDON, a minor by and
     through Guardian ad Litem, EUGENIA
8    GUADELUPE ESPINOZA SALMERON;
9    EUGENIA GUADELUPE ESPINOZA
     SALMERON, an individual; KARLA
10   VANESSA BLANDON, an individual;,
11
                    Plaintiffs,
12
13                  v.
14
     CITY OF HUNTINGTON PARK;
15   RENE REZA, an individual; APRIL
     WHEELER, an individual; MATTHEW
16   RINCON, an individual; NICK
17   NICHOLS, an individual; JOSE A.
     YAMASAKI, an individual; SAUL
18   RODRIGUEZ, an individual; and DOES
19   1 TO 10, inclusive,
20                  Defendants.
21

Case No:

**PLAINTIFFS' COMPLAINT FOR DAMAGES FOR:**

1. **VIOLATION OF SUBSTANTIVE DUE PROCESS (42 U.S.C. §1983); and**
2. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

**DEMAND FOR JURY TRIAL**

## COMPLAINT FOR DAMAGES

22
23    1.    COMES NOW, Plaintiffs, WILLIAM OMAR CASTILLO
24   MIRANDA, an individual and as Successor in Interest for Decedent, WILLIAM
25   RENE SALGADO MIRANDA; JUANA MARIA MIRANDA, an individual and
26   as Successor in Interest for Decedent, WILLIAM RENE SALGADO MIRANDA;
27   OSMAR ANTONIO CASTILLO BLANDON, a minor by and through Guardian
     ad Litem, EUGENIA GUADELUPE ESPINOZA SALMERON; EUGENIA
28

1  GUADELUPE ESPINOZA SALMERON an individual; and KARLA VANESSA

2  BLANDON, an individual (hereinafter, at times collectively referred to herein as

3  "PLAINTIFFS") in their Complaint against Defendants, CITY OF

4  HUNTINGTON PARK; RENE REZA, an individual; APRIL WHEELER, an

5  individual; MATTHEW RINCON, an individual; NICK NICHOLS, an individual;

6  JOSE A. YAMASAKI, an individual; SAUL RODRIGUEZ, an individual; and

7  DOES 1 TO 10, inclusive (hereinafter, sometimes collectively referred to as

8  "Defendants") hereby allege as follows:

### INTRODUCTION

9      2.    This action seeks compensatory damages, punitive damages,

10  attorneys' fees and costs from individual police officers, and compensatory

11  damages, attorneys' fees and costs including from Defendants, CITY OF

12  HUNTINGTON PARK, RENE REZA, an individual; APRIL WHEELER, an

13  individual; MATTHEW RINCON, an individual; NICK NICHOLS, an individual;

14  JOSE A. YAMASAKI, an individual; SAUL RODRIGUEZ, an individual; and

15  DOES 1 TO 10, inclusive, for violations of state law, federal law and fundamental

16  rights under the United States Constitution in connection with the shooting of

17  Decedent, WILLIAM RENE SALGADO MIRANDA (hereinafter referred to at

18  times as "Decedent") on or about October 30, 2022.

19      3.    On or about October 30, 2022, Decedent was shot by police officers,

20  RENE REZA, APRIL WHEELER, MATTHEW RINCON, NICK NICHOLS,

21  JOSE A. YAMASAKI, and SAUL RODRIGUEZ, all of whom are and were

22  employed by and operating in the course and scope of employment and under the

23  color of law and authority with Defendant, CITY OF HUNTINGTON PARK

24  (hereinafter at times "CITY") and its Huntington Park Police Department

25  (hereinafter at times "HPPD").

26      4.    It is herein alleged that these individual police officers of the HPPD,

27  acting in their individual capacity, under color of law and in the course and scope

28  of their employment with Defendant CITY and its HPPD used unreasonable and/or

excessive deadly force when they shot Decedent, WILLIAM RENE SALGADO MIRANDA, without legal cause or excuse, and made an unreasonable seizure of the person of Decedent, WILLIAM RENE SALGADO MIRANDA, thereby violating the constitutional rights of Decedent, WILLIAM RENE SALGADO MIRANDA and Plaintiffs, WILLIAM OMAR CASTILLO MIRANDA and JUANA MARIA MIRANDA under the Fourteenth Amendment to the United States Constitution and violating California state law and common law. It is additionally alleged herein that PLAINTIFFS, as the family and close relatives of Decedent, WILLIAM RENE SALGADO MIRANDA, contemporaneously witnessed the shooting of Decedent, WILLIAM RENE SALGADO MIRANDA, and suffered severe emotional distress.

## JURISDICTION

5.     PLAINTIFFS assert causes of action under, and for violations of, the following laws and/or legal theories:

(a)     Federal Civil Rights Act under 42 U.S.C. §§1983, 1985, 1986, and 1988;

(b)     The Fourteenth Amendment of the United States Constitution; and

(c)     Negligent Infliction of Emotional Distress.

6.     This is an action to redress the deprivation of rights under color of law, statute, ordinance, regulation, custom or usage of rights, privileges, and immunities secured to PLAINTIFFS by the Fourteenth Amendment to the Constitution of the United States (42 U.S.C. §1983) and arising under the law and statutes of the State of California and common law legal theories.

## VENUE

7.     This Court has original jurisdiction under 28 U.S.C. §§1331 and 1343 (a) (3-4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. §1983 and the Fourteenth Amendment of the United States Constitution. The Court as supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. §1367(a) because those claims are so related

4

**PLAINTIFFS' COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

8.     Venue is proper in this Court under 28 U.S.C. §1391(b) because all incidents, events and occurrences giving rise to this action occurred in this district.

**PARTIES**

9.     PLAINTIFFS were residents of the City of Huntington Park, County of Los Angeles, State of California during all times relevant hereto at the time of the injuries and damages suffered related to the police shooting incident of October 30, 2022.

10.     Decedent, WILLIAM RENE SALGADO MIRANDA was and at all times herein mention a resident of the City of Huntington Park, County of Los Angeles, State of California until his untimely death on October 30, 2022. Decedent, WILLIAM RENE SALGADO MIRANDA is the natural son of Plaintiff, WILLIAM OMAR CASTILLO MIRANDA, grandson and adopted son of Plaintiff, JUANA MARIA MIRANDA, stepson to Plaintiff, EUGENIA GUADELUPE ESPINOZA SALMERON and natural sibling of Plaintiffs, KARLA VANESSA BLANDON and OSMAR ANTONIO CASTILLO BLANDON.

11.     At all times mentioned herein, Defendants, RENE REZA, APRIL WHEELER, MATTHEW RINCON, NICK NICHOLS, JOSE A. YAMASAKI, SAUL RODRIGUEZ, and DOES 1 TO 10, inclusive, and each of them, are and were duly sworn police officers employed by Defendant CITY and its HPPD.  At all times herein mentioned, Defendants, RENE REZA, APRIL WHEELER, MATTHEW RINCON, NICK NICHOLS, JOSE A. YAMASAKI, SAUL RODRIGUEZ and DOES 1 TO 10, inclusive, were acting in their individual and/or, in the alternative, their official capacities and in the course and scope of their employment with Defendant, CITY. Defendant, CITY provided Defendants, RENE REZA, APRIL WHEELER, MATTHEW RINCON, NICK NICHOLS, JOSE A. YAMASAKI, SAUL RODRIGUEZ, and DOES 1 TO 10, inclusive, with

the accoutrements of their employment including their Police's Department uniforms, their badges and their CITY issued firearms.

12.     At all times mentioned herein, Defendants CITY and its HPPD are public entities duly organized and existing under and by the laws of the State of California that employed CITY police officers, including Defendants RENE REZA, APRIL WHEELER, MATTHEW RINCON, NICK NICHOLS, JOSE A. YAMASAKI, SAUL RODRIGUEZ, and DOES 1 TO 10, inclusive. Defendant, CITY sometimes acted herein through their departments or agencies including the HPPD.

13.     At all times mentioned herein, Defendant, CITY had the HPPD, the Department where City police officers, including Defendants RENE REZA, APRIL WHEELER, MATTHEW RINCON, NICK NICHOLS, JOSE A. YAMASAKI, SAUL RODRIGUEZ, who shot and killed Decedent, WILLIAM RENE SALGADO MIRANDA.  Defendants RENE REZA, APRIL WHEELER, MATTHEW RINCON, NICK NICHOLS, JOSE A. YAMASAKI, SAUL RODRIGUEZ, and DOES 1 TO 10, inclusive, were employed within the course and scope of their employment at the time that they shot Decedent, WILLIAM RENE SALGADO MIRANDA.

14.     Plaintiffs are informed and believe, and thereon allege, that Defendants RENE REZA, APRIL WHEELER, MATTHEW RINCON, NICK NICHOLS, JOSE A. YAMASAKI, SAUL RODRIGUEZ, and DOES 1 TO 10, inclusive, including CITY and HPPD Police Officers were and are, and at all times herein mentioned were, duly appointed and acting as police officers/officers for Defendant CITY, and were at all material times acting under color of state law, and as the employees, agents and representatives of every other Defendant. Defendants, RENE REZA, APRIL WHEELER, MATTHEW RINCON, NICK NICHOLS, JOSE A. YAMASAKI, SAUL RODRIGUEZ, and DOES 1 TO 10, inclusive, were acting under color of law and within the course and scope of their employment, including but not limited to under California Government Code

PLAINTIFFS' COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

§§815.2, 820 and 825, on or about the October 30, 2022 date of the incident. Defendant, CITY is legally responsible for all damages caused by the intentional and/or negligent and/or otherwise tortuous conduct of Defendants, RENE REZA, APRIL WHEELER, MATTHEW RINCON, NICK NICHOLS, JOSE A. YAMASAKI, SAUL RODRIGUEZ, and DOES 1 TO 10, inclusive, as alleged herein. By the filing of this Complaint, Plaintiffs, and each of them do hereby sue all Defendants, including Defendants, CITY, RENE REZA, APRIL WHEELER, MATTHEW RINCON, NICK NICHOLS, JOSE A. YAMASAKI, SAUL RODRIGUEZ, and DOES 1 TO 10, inclusive, and any Defendant CITY Officer or employees who shot Decedent, WILLIAM RENE SALGADO MIRANDA, including Defendants DOES 1 TO 10.

15.     At all times mentioned herein, of Defendants, RENE REZA, APRIL WHEELER, MATTHEW RINCON, NICK NICHOLS, JOSE A. YAMASAKI, SAUL RODRIGUEZ, and DOES 1-10 as alleged herein, were acting within the course and scope of their employment and under color of law as a supervisor, commander, officer, sergeant, captain, commander, and/or civilian employee of Defendant, CITY, and each of them was authorized by Defendant, CITY to perform the duties and responsibilities of sworn police officers of and for these Defendants, and all acts hereinafter complained of were performed by each of them within the course and scope of their duties as supervisor, commander, officer, sergeant, captain, commander.  DOE Defendants, as alleged herein, are sued herein in their individual capacity and in their official capacity as a police officers, supervisor, commander, officer, sergeant, captain and/or as other employees of Defendant CITY, respectively.

16.     DOE Defendants encouraged, assisted, ratified and/or with deliberate indifference failed to prevent all of the herein acts and omissions of Defendants, and each of them.

17.     At all times relevant herein, DOE Defendants ratified unlawful customs and practices and encouraged its police officers to use unreasonable

and/or excessive force and false arrests lacking probable cause.  Said misconduct was encouraged, tolerated and condoned by Defendants, CITY, RENE REZA, APRIL WHEELER, MATTHEW RINCON, NICK NICHOLS, JOSE A. YAMASAKI, SAUL RODRIGUEZ, and DOES 1 TO 10, inclusive, and each of them.

18.    At all times relevant to the present complaint, Defendants, RENE REZA, APRIL WHEELER, MATTHEW RINCON, NICK NICHOLS, JOSE A. YAMASAKI, SAUL RODRIGUEZ, and DOES 1 TO 10, inclusive, were acting within their capacity as employees, agents, representatives and servants of Defendant, CITY, which is liable under the doctrine of *Respondeat Superior*, pursuant to §§815.2, 820 and 825 of the California Government Code, et.al.

19.    The true names of Defendants DOES 1 TO 10, inclusive, are unknown to Plaintiffs, who therefore sues these defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein. Defendants DOES 1 TO 10 include, but are not limited to, any and all CITY and HPPD officers and employees in the broadest definition who used force on, seized, shot and Decedent, WILLIAM RENE SALGADO MIRANDA, as well as any and all supervisors, commanders, officers, sergeants, captains, lieutenants, and/or civilian employees of Defendant CITY, including within the HPPD.

20.    Each of the Defendants caused and is responsible for the unlawful conduct and resulting, by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so; by authorizing, acquiescing or failing to take action to prevent the unlawful conduct; by promulgating policies and procedures pursuant to which the unlawful conduct occurred; by failing and refusing, with deliberate indifference to Plaintiffs' rights, to initiate and maintain adequate supervision and/or training; and, by ratifying the unlawful conduct that

occurred by agents and peace officers under their direction and control.  Whenever

and wherever reference is made in this Complaint to any act by a Defendant, such

allegation and reference shall also be deemed to mean the acts and failures to act of

each Defendant individually, joint, and severally. They are sued in their individual

and official capacities and in some manner are responsible for the acts and

omissions alleged herein.  Plaintiffs will ask leave of this Court to amend this

Complaint to allege such name and responsibility when that information is

ascertained.  Each of Defendants is the agent of the other and the actions of each of

the Defendants were ratified by the other Defendants.

## GENERAL ALLEGATIONS

21.    On or about October 30, 2022, in the afternoon hours, Decedent,
WILLIAM RENE SALGADO MIRANDA was at Plaintiffs' home in Huntington
Park, California.  Police were called to Plaintiffs' and Decedent's residence in
response to a 911 call about a man with a gun.

22.    Plaintiffs are informed and believe and thereon allege that CITY
police officers, Defendants, RENE REZA, APRIL WHEELER, MATTHEW
RINCON, NICK NICHOLS, JOSE A. YAMASAKI, and SAUL RODRIGUEZ,
arrived at the apartment complex where Decedent's and Plaintiffs' home was
located.

23.    Plaintiffs are informed and believe and thereon allege that Defendants,
RENE REZA, APRIL WHEELER, MATTHEW RINCON, NICK NICHOLS,
JOSE A. YAMASAKI, and SAUL RODRIGUEZ encountered Decedent,
WILLIAM RENE SALGADO MIRANDA outside the residence, behaving
erratically.

24.    Plaintiffs are informed and believe and thereon allege that Decedent,
WILLIAM RENE SALGADO MIRANDA was not armed with a gun.

25.    Plaintiffs are informed and believe and thereon allege that Decedent,
WILLIAM RENE SALGADO MIRANDA may have thrown an object at one of
the Defendant officers, which did not injure or harm the officer as their ballistic

1  shield deflected the object successfully.

2      26.    Plaintiffs are informed and believe and thereon allege that Decedent,

3  WILLIAM RENE SALGADO MIRANDA attempted to flee from Defendants,

4  RENE REZA, APRIL WHEELER, MATTHEW RINCON, NICK NICHOLS,

5  JOSE A. YAMASAKI, and SAUL RODRIGUEZ.

6      27.    On October 30, 2022, Plaintiff, WILLIAM OMAR CASTILLO

7  MIRANDA, Decedent's father, contemporaneously witnessed Defendants, RENE

8  REZA, APRIL WHEELER, MATTHEW RINCON, NICK NICHOLS, JOSE A.

9  YAMASAKI, SAUL RODRIGUEZ, and DOES 1 TO 10, inclusive, shoot

10  Decedent, WILLIAM RENE SALGADO MIRANDA, and Plaintiff, WILLIAM

   OMAR CASTILLO MIRANDA suffered severe emotional distress as a result.

11      28.    On October 30, 2022, Plaintiff, JUANA MARIA MIRANDA,

12  Decedent's grandmother, contemporaneously witnessed Defendants, RENE REZA,

13  APRIL WHEELER, MATTHEW RINCON, NICK NICHOLS, JOSE A.

14  YAMASAKI, SAUL RODRIGUEZ, and DOES 1 TO 10, inclusive, shoot

15  Decedent, WILLIAM RENE SALGADO MIRANDA, and Plaintiff, JUANA

16  MARIA MIRANDA suffered severe emotional distress as a result.

17      29.    On October 30, 2022, Plaintiff, OSMAR ANTONIO CASTILLO

18  BLANDON, a minor by and through Guardian ad Litem, EUGENIA

19  GUADELUPE ESPINOZA SALMERON, Decedent's sibling, contemporaneously

20  witnessed Defendants, RENE REZA, APRIL WHEELER, MATTHEW RINCON,

21  NICK NICHOLS, JOSE A. YAMASAKI, SAUL RODRIGUEZ, and DOES 1 TO

22  10, inclusive, shoot Decedent, WILLIAM RENE SALGADO MIRANDA, and

23  Plaintiff, OSMAR ANTONIO CASTILLO BLANDON, a minor by and through

24  Guardian ad Litem, EUGENIA GUADELUPE ESPINOZA SALMERON suffered

25  severe emotional distress as a result.

26      30.    On October 30, 2022, Plaintiff, EUGENIA GUADELUPE

27  ESPINOZA SALMERON, Decedent's stepmother, contemporaneously witnessed

28  Defendants, RENE REZA, APRIL WHEELER, MATTHEW RINCON, NICK

**PLAINTIFFS' COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

NICHOLS, JOSE A. YAMASAKI, SAUL RODRIGUEZ, and DOES 1 TO 10, inclusive, shoot Decedent, WILLIAM RENE SALGADO MIRANDA, and Plaintiff, EUGENIA GUADELUPE ESPINOZA SALMERON suffered severe emotional distress as a result.

31.     On October 30, 2022, Plaintiff, KARLA VANESSA BLANDON, Decedent's sibling, contemporaneously witnessed Defendants, RENE REZA, APRIL WHEELER, MATTHEW RINCON, NICK NICHOLS, JOSE A. YAMASAKI, SAUL RODRIGUEZ, and DOES 1 TO 10, inclusive, shoot Decedent, WILLIAM RENE SALGADO MIRANDA, and Plaintiff, KARLA VANESSA BLANDON suffered severe emotional distress as a result.

32.     Plaintiffs are informed and believe, and upon such information and belief allege, that Defendants, RENE REZA, APRIL WHEELER, MATTHEW RINCON, NICK NICHOLS, JOSE A. YAMASAKI, SAUL RODRIGUEZ, and DOES 1 TO 10 utilized negligent tactics, failed to appropriately warn of use of force and violated Defendant CITY and its HPPD Policies and Procedures for use of force including deadly force and other use of force and other policies and procedures.

33.     Decedent, WILLIAM RENE SALGADO MIRANDA did not present a risk of imminent threat of death or great bodily injury to any of these defendant officers, or anyone else to justify the use of lethal deadly force.

34.     At the time of the shooting Decedent, WILLIAM RENE SALGADO MIRANDA was not engaged in the commission of a crime and, under the United States Constitution and the cases interpreting it, had rights including a liberty interest to be free in one's person from unlawful search and seizure of one's person and a right not to be subjected to the use of unreasonable and/or excessive force by police officers against him.

35.     Defendants, RENE REZA, APRIL WHEELER, MATTHEW RINCON, NICK NICHOLS, JOSE A. YAMASAKI, SAUL RODRIGUEZ, and DOES 1 TO 10, inclusive, and each of them, discharged their firearms recklessly,

PLAINTIFFS' COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1  intentionally, tortuously, with deliberate indifference and/or negligently, with the

2  intent to kill and/or commit serious bodily injury upon, Decedent WILLIAM

3  RENE SALGADO MIRANDA and to violate his civil rights.

4      36.    As a direct and proximate result of the aforementioned acts of

5  Defendants, RENE REZA, APRIL WHEELER, MATTHEW RINCON, NICK

6  NICHOLS, JOSE A. YAMASAKI, SAUL RODRIGUEZ, and DOES 1 TO 10,

7  inclusive, PLAINTIFFS suffered injuries and damages which are recoverable by

8  PLAINTIFFS under the Federal Civil Rights statutes identified herein, as well as

   under state law and common law.

9                        **FIRST CAUSE OF ACTION**

10  **FOR VIOLATION OF SUBSTANTIVE DUE PROCESS (42 U.S.C. §1983)**
    **(By PLAINTIFFS Against All Defendants)**

11

12      37.    PLAINTIFFS hereby repeat, re-allege and incorporate each, and every

    allegation of every paragraph above as though fully set forth herein.

13      38.    Decedent, WILLIAM RENE SALGADO MIRANDA and

14  PLAINTIFFS each had a cognizable interest under the Due Process Clause of the

15  Fourteenth Amendment of the United States Constitution to be free from state

16  actions that deprive them of life, liberty, or property in such a manner as to shock

17  the conscience, including but not limited to unwarranted government interference

18  in Decedent, WILLIAM RENE SALGADO MIRANDA and PLAINTIFFS'

19  familial relationship.

20      39.    More specifically, the use of force by the aforementioned defendants,

21  Defendants, RENE REZA, APRIL WHEELER, MATTHEW RINCON, NICK

22  NICHOLS, JOSE A. YAMASAKI, SAUL RODRIGUEZ, and DOES 1 TO 10,

23  inclusive, acting in their individual capacities and under color of state law, was so

24  outrageous that it shocks the conscience because Decedent, WILLIAM RENE

25  SALGADO MIRANDA was shot by Defendants, CITY, RENE REZA, APRIL

26  WHEELER, MATTHEW RINCON, NICK NICHOLS, JOSE A. YAMASAKI,

27  SAUL RODRIGUEZ, and DOES 1 TO 10, inclusive, and the officers could all see

28  that Decedent posed no imminent threat to anyone and were told was mentally ill.

40.    Decedent, WILLIAM RENE SALGADO MIRANDA had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience.

41.    The aforementioned actions of Defendants, CITY, RENE REZA, APRIL WHEELER, MATTHEW RINCON, NICK NICHOLS, JOSE A. YAMASAKI, SAUL RODRIGUEZ, and DOES 1 TO 10, inclusive, and each of them and along with other undiscovered conduct, shocks the conscience, in that they acted with deliberate indifference to the constitutional rights of Decedent, WILLIAM RENE SALGADO MIRANDA, and/or with purpose to harm unrelated to any legitimate law enforcement objective.  Defendants, CITY, RENE REZA, APRIL WHEELER, MATTHEW RINCON, NICK NICHOLS, JOSE A. YAMASAKI, SAUL RODRIGUEZ, and DOES 1 TO 10, inclusive, had time to deliberate regarding the use of force and the use of deadly force and they acted with deliberate indifference to the constitutional rights of Decedent, WILLIAM RENE SALGADO MIRANDA by issuing no warning and then using unjustified deadly force against Decedent, WILLIAM RENE SALGADO MIRANDA while his close family members, PLAINTIFFS, contemporaneously witnessed the Defendants' unconstitutional use of excessive and unreasonable force against Decedent, WILLIAM RENE SALGADO MIRANDA and, as a direct result, PLAINTIFFS suffered severe emotional distress.

42.    Plaintiff, WILLIAM OMAR CASTILLO MIRANDA, having the right of survivorship, seeks all damages for the pain, suffering, anxiety, fear of impending death and severe emotional distress that Decedent, WILLIAM RENE SALGADO MIRANDA suffered before his death, in a sum to be determined according to proof.  Plaintiff, WILLIAM OMAR CASTILLO MIRANDA, having the right of survivorship, also seeks all damages for the loss of the value of his life to himself of WILLIAM RENE SALGADO MIRANDA, including the loss of the value of the rest of his life to himself (full life expectancy) of Decedent,

13

WILLIAM RENE SALGADO MIRANDA, and his family, in a sum to be determined according to proof. Plaintiff, WILLIAM OMAR CASTILLO MIRANDA, seeks damages for funeral and burial expenses of Decedent, WILLIAM RENE SALGADO MIRANDA in a sum to be determined according to proof.

43.    Plaintiff JUANA MARIA MIRANDA, having the right of survivorship, seeks all damages for the pain, suffering, anxiety, fear of impending death and severe emotional distress that Decedent, WILLIAM RENE SALGADO MIRANDA suffered before his death, in a sum to be determined according to proof. Plaintiff, JUANA MARIA MIRANDA having the right of survivorship, also seeks all damages for the loss of the value of his life to himself of WILLIAM RENE SALGADO MIRANDA, including the loss of the value of the rest of his life to himself (full life expectancy) of Decedent, WILLIAM RENE SALGADO MIRANDA, and his family, in a sum to be determined according to proof. Plaintiff, JUANA MARIA MIRANDA seeks damages for funeral and burial expenses of Decedent, WILLIAM RENE SALGADO MIRANDA in a sum to be determined according to proof.

44.    Plaintiff, OSMAR ANTONIO CASTILLO BLANDON, a minor by and through Guardian ad Litem, EUGENIA GUADELUPE ESPINOZA SALMERON, having the right of survivorship, seeks all damages for the pain, suffering, anxiety, fear of impending death and severe emotional distress that Decedent, WILLIAM RENE SALGADO MIRANDA suffered before his death, in a sum to be determined according to proof. Plaintiff, OSMAR ANTONIO CASTILLO BLANDON, a minor by and through Guardian ad Litem, EUGENIA GUADELUPE ESPINOZA SALMERON, having the right of survivorship, also seeks all damages for the loss of the value of his life to himself of WILLIAM RENE SALGADO MIRANDA, including the loss of the value of the rest of his life to himself (full life expectancy) of Decedent, WILLIAM RENE SALGADO MIRANDA, and his family, in a sum to be determined according to proof.

Plaintiff, OSMAR ANTONIO CASTILLO BLANDON, a minor by and through Guardian ad Litem, EUGENIA GUADELUPE ESPINOZA SALMERON, seeks damages for funeral and burial expenses of Decedent, WILLIAM RENE SALGADO MIRANDA in a sum to be determined according to proof.

45.    Plaintiff, EUGENIA GUADELUPE ESPINOZA SALMERON, having the right of survivorship, seeks all damages for the pain, suffering, anxiety, fear of impending death and severe emotional distress that Decedent, WILLIAM RENE SALGADO MIRANDA suffered before his death, in a sum to be determined according to proof. Plaintiff, EUGENIA GUADELUPE ESPINOZA SALMERON, having the right of survivorship, also seeks all damages for the loss of the value of his life to himself of WILLIAM RENE SALGADO MIRANDA, including the loss of the value of the rest of his life to himself (full life expectancy) of Decedent, WILLIAM RENE SALGADO MIRANDA, and his family, in a sum to be determined according to proof.   Plaintiff, EUGENIA GUADELUPE ESPINOZA SALMERON seeks damages for funeral and burial expenses of Decedent, WILLIAM RENE SALGADO MIRANDA in a sum to be determined according to proof.

46.    Plaintiff, KARLA VANESSA BLANDON, having the right of survivorship, seeks all damages for the pain, suffering, anxiety, fear of impending death and severe emotional distress that Decedent, WILLIAM RENE SALGADO MIRANDA suffered before his death, in a sum to be determined according to proof. Plaintiff, KARLA VANESSA BLANDON, having the right of survivorship, also seeks all damages for the loss of the value of his life to himself of WILLIAM RENE SALGADO MIRANDA, including the loss of the value of the rest of his life to himself (full life expectancy) of Decedent, WILLIAM RENE SALGADO MIRANDA, and his family, in a sum to be determined according to proof.   Plaintiff, KARLA VANESSA BLANDON, seeks damages for funeral and burial expenses of Decedent, WILLIAM RENE SALGADO MIRANDA in a sum to be determined according to proof.

47.    As a direct and proximate result of said constitutional violations, tortious acts, omissions or conduct of Defendants, CITY, RENE REZA, APRIL WHEELER, MATTHEW RINCON, NICK NICHOLS, JOSE A. YAMASAKI, SAUL RODRIGUEZ, and DOES 1 TO 10, inclusive, Decedent, WILLIAM RENE SALGADO MIRANDA was killed, and PLAINTIFFS sustained and incurred damages.

48.    As a direct and proximate result of these actions by Defendants, CITY, RENE REZA, APRIL WHEELER, MATTHEW RINCON, NICK NICHOLS, JOSE A. YAMASAKI, SAUL RODRIGUEZ, and DOES 1 TO 10, inclusive, and each of them, Decedent WILLIAM RENE SALGADO MIRANDA experienced pain, suffering, anxiety, fear of impending death and extreme emotional distress and died.  Defendants, CITY, RENE REZA, APRIL WHEELER, MATTHEW RINCON, NICK NICHOLS, JOSE A. YAMASAKI, SAUL RODRIGUEZ, and DOES 1 TO 10, inclusive, and each of them, all thus violated the substantive due process rights of PLAINTIFFS to be free from unwarranted interference with their familial relationship with Decedent, WILLIAM RENE SALGADO MIRANDA.

49.    The aforementioned acts of Defendants, CITY, RENE REZA, APRIL WHEELER, MATTHEW RINCON, NICK NICHOLS, JOSE A. YAMASAKI, SAUL RODRIGUEZ, and DOES 1 TO 10, inclusive, and each of them, were malicious, willful, oppressive and despicable conduct as herein alleged, as each aforementioned defendant acted with a conscious disregard of the rights and safety of Decedent, WILLIAM RENE SALGADO MIRANDA and said defendants acted with the specific intent to injure and kill Decedent, WILLIAM RENE SALGADO MIRANDA Plaintiffs are therefore entitled to punitive damages in an amount sufficient to punish and make an example of these aforementioned individual Defendants, and, in order to promote greater safety and provide an incentive for said defendants and others so situated to not engage in such conduct.

PLAINTIFFS' COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

50.    As a direct and proximate result of said constitutional violations, tortious acts, omissions or conduct of Defendants, CITY, RENE REZA, APRIL WHEELER, MATTHEW RINCON, NICK NICHOLS, JOSE A. YAMASAKI, SAUL RODRIGUEZ, and DOES 1 TO 10, inclusive, Decedent, WILLIAM RENE SALGADO MIRANDA was killed, and PLAINTIFFS sustained and incurred damages.

51.    As a direct and proximate cause of the acts of Defendants, CITY, RENE REZA, APRIL WHEELER, MATTHEW RINCON, NICK NICHOLS, JOSE A. YAMASAKI, SAUL RODRIGUEZ, and DOES 1 TO 10, inclusive, and each of them, PLAINTIFFS have suffered emotional distress, mental anguish, and pain. PLAINTIFFS have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of Decedent, WILLIAM RENE SALGADO MIRANDA, and will continue to be so deprived for the remainder of their natural lives.

52.    As a direct and proximate result of these actions by Defendants, CITY, RENE REZA, APRIL WHEELER, MATTHEW RINCON, NICK NICHOLS, JOSE A. YAMASAKI, SAUL RODRIGUEZ, and DOES 1 TO 10, inclusive, and each of them, Decedent, WILLIAM RENE SALGADO MIRANDA experienced pain, suffering, anxiety, fear of impending death and extreme emotional distress and died.  Defendants, CITY, RENE REZA, APRIL WHEELER, MATTHEW RINCON, NICK NICHOLS, JOSE A. YAMASAKI, SAUL RODRIGUEZ, and DOES 1 TO 10, inclusive, and each of them, all thus violated the substantive due process rights of PLAINTIFFS to be free from unwarranted interference with their familial relationship with Decedent, WILLIAM RENE SALGADO MIRANDA.

53.    The conduct of Defendants, CITY, RENE REZA, APRIL WHEELER, MATTHEW RINCON, NICK NICHOLS, JOSE A. YAMASAKI, SAUL RODRIGUEZ, and DOES 1 TO 10, inclusive, and each of them was willful, wanton, malicious, and was done with reckless disregard for the rights and

safety of Decedent, WILLIAM RENE SALGADO MIRANDA and PLAINTIFFS, and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOES 1 to 50, inclusive, and each of them

54.    Defendants, CITY, RENE REZA, APRIL WHEELER, MATTHEW RINCON, NICK NICHOLS, JOSE A. YAMASAKI, SAUL RODRIGUEZ, and DOES 1 TO 10, inclusive, and each of them, are each liable to PLAINTIFFS for Decedent, WILLIAM RENE SALGADO MIRANDA's injuries, either because they engaged in the above conduct; because they were integral participants in the above conduct; or because they failed to intervene to prevent the above conduct. PLAINTIFFS each bring this claim individually.

**SECOND CAUSE OF ACTION**
**FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**(By PLAINTIFFS Against RENE REZA, APRIL WHEELER, MATTHEW RINCON, NICK NICHOLS, JOSE A. YAMASAKI, SAUL RODRIGUEZ, and DOES 1 TO 10, inclusive)**

55.    Plaintiffs hereby repeat, re-allege and incorporate each and every allegation of each and every paragraph above as though fully set forth herein.

56.    On October 30, 2022, Decedent, WILLIAM RENE SALGADO MIRANDA was shot by Defendants, RENE REZA, APRIL WHEELER, MATTHEW RINCON, NICK NICHOLS, JOSE A. YAMASAKI, SAUL RODRIGUEZ, and DOES 1 TO 10, inclusive, and Decedent, WILLIAM RENE SALGADO MIRANDA was killed as a result.

57.    Defendants, RENE REZA, APRIL WHEELER, MATTHEW RINCON, NICK NICHOLS, JOSE A. YAMASAKI, SAUL RODRIGUEZ, and DOES 1 TO 10, inclusive, were negligent and careless in the use of their firearms, including being careless in the handling of the firearm and in the firing of the firearm that was unjustified under the circumstances. Defendants were unreasonable in failing to use appropriate tactics regarding verbalization, de-escalation, calling for back-up, use of less-than-lethal force, techniques and weapons, containment, issuing verbal warnings and other appropriate police tactics before resorting to utilizing deadly force. Defendants CITY, and DOES 1 TO 10, inclusive, likewise

18

1  breached its duty of due care in their hiring, training and supervision of Defendants,

2  RENE REZA, APRIL WHEELER, MATTHEW RINCON, NICK NICHOLS,

3  JOSE A. YAMASAKI, SAUL RODRIGUEZ, and DOES 1 TO 10, inclusive,

4  including in the training in use of the firearm.

5      58.    PLAINTIFFS were in the immediate vicinity of Decedent, WILLIAM

6  RENE SALGADO MIRANDA and Defendants DEPUTY RENZI, DEPUTY

7  FAOUR, DEPUTY KOCHER, and DOES 1-50, inclusive, at that time that

8  Defendants DEPUTY RENZI, DEPUTY FAOUR, DEPUTY KOCHER, and

9  DOES 1-50, inclusive, shot Decedent, WILLIAM RENE SALGADO MIRANDA,

   and PLAINTIFFS contemporaneously witnessed and perceived the injury producing

10 shooting event incident both visibly and audibly.

11     59.    At the time of the negligent and deadly conduct of Defendants, RENE

12 REZA, APRIL WHEELER, MATTHEW RINCON, NICK NICHOLS, JOSE A.

13 YAMASAKI, SAUL RODRIGUEZ, and DOES 1 TO 10, inclusive, as set forth

14 above, PLAINTIFFS were contemporaneously aware that the conduct was causing

15 injury to their close relative, son and brother, Decedent, WILLIAM RENE

16 SALGADO MIRANDA because PLAINTIFFS contemporaneously witnessed the

17 gunshots and heard the shots fired and also heard the moaning of Decedent,

18 WILLIAM RENE SALGADO MIRANDA who was struck with the bullets that

19 caused his death.

20     60.    As a direct and proximate result of contemporaneously witnessing the

21 injury to Decedent, WILLIAM RENE SALGADO MIRANDA, caused by the

22 negligent and careless conduct of Defendants CITY, RENE REZA, APRIL

23 WHEELER, MATTHEW RINCON, NICK NICHOLS, JOSE A. YAMASAKI,

24 SAUL RODRIGUEZ, and DOES 1 TO 10, inclusive, and each of them,

25 PLAINTIFFS sustained severe emotional distress, including Post Traumatic Stress

26 Disorder (PTSD), psychological trauma and other damages in an amount to be

27 proven according to proof at the time of trial.

28 \\

## **PRAYER**

WHEREFORE, PLAINTIFFS, WILLIAM OMAR CASTILLO MIRANDA, an individual and as Successor in Interest for Decedent, WILLIAM RENE SALGADO MIRANDA; JUANA MARIA MIRANDA, an individual and as Successor in Interest for Decedent, WILLIAM RENE SALGADO MIRANDA; OSMAR ANTONIO CASTILLO BLANDON, a minor by and through Guardian ad Litem, EUGENIA GUADELUPE ESPINOZA SALMERON; EUGENIA GUADELUPE ESPINOZA SALMERON an individual; and KARLA VANESSA BLANDON, an individual, and each of them, hereby demand the following relief, against all of the Defendants:

1. Compensatory general and special damages, including both survival damages and wrongful death damages, in the amount to be proven at trial;
2. For funeral and burial expenses, and loss of financial support;
3. Reasonable attorneys' fees and expenses of litigation, including those fees permitted by 42 U.S.C. §1988; Attorney fees Awards Act of 1976, and 42 U.S.C. §1983;
4. Compensatory general damages for severe emotional distress, anxiety, fear and all other non-economic damages, in the amount to be proven at the time of trial;
5. Punitive and exemplary damages pursuant to California Civil Code §3294 against Defendants, RENE REZA, APRIL WHEELER, MATTHEW RINCON, NICK NICHOLS, JOSE A. YAMASAKI, SAUL RODRIGUEZ, and DOES 1 TO 10;
6. Costs of suit necessarily incurred herein;
7. Prejudgment interest according to proof;
8. Pre-Judgment and Post-Judgment interest; and
9. Such other and further relief as the Court deems just and proper.

\\
\\

PLAINTIFFS' COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

Dated: June 10, 2024

**CARRAZCO LAW, A.P.C.**

/S/ CHRISTOPHER L. HOLM

BY: _____

ANGEL CARRAZCO, JR.
KENT M. HENDERSON
CHRISTOPHER L. HOLM
Attorneys for Plaintiffs

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

Dated:  June 10, 2024

**CARRAZCO LAW, A.P.C.**

/S/ CHRISTOPHER L. HOLM

BY: _____

ANGEL CARRAZCO, JR.
KENT M. HENDERSON
CHRISTOPHER L. HOLM
Attorneys for Plaintiffs

PLAINTIFFS' COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL